# EXHIBIT B

```
                                                    FILED
                                              18 AUG 06 PM 12:32

                                                 KING COUNTY
                                             SUPERIOR COURT CLERK
                                                   E-FILED
                                          CASE NUMBER: 18-2-19686-8 SEA
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ARSHEED BROTHERS GREENWOOD, INC., a Washington corporation d/b/a MR. GYROS,<br><br>Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY, a California insurance company,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES |

Arsheed Brothers Greenwood, Inc. d/b/a Mr. Gyros, by and through their attorneys, Ashbaugh Beal, LLP, for their Complaint allege as follows:

## I. PARTIES

1. Arsheed Brothers Greenwood, Inc. d/b/a Mr. Gyros ("Mr. Gyros") is a Washington corporation doing business in King County, Washington.

2. Mid-Century Insurance Company ("Farmers") is a California insurance company transacting business in King County, Washington.

## II. VENUE & JURISDICTION

3. The Court has jurisdiction over the parties and the subject matter of this action.

4. Venue is proper pursuant to RCW 4.12.025(3).

COMPLAINT - 1

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

### III. FACTUAL BACKGROUND

5. Mr. Gyros is a family restaurant business run by two brothers, Sammy and Joni Arsheed.

6. The first Mr. Gyros location owned and operated by the Arsheeds was located at 8411 Greenwood Ave N., Seattle, WA 98103 (the "Restaurant").

7. Under the Arsheeds' ownership, the Restaurant became a pillar of the Greenwood community and was extremely profitable.

8. On March 9, 2016, a natural gas explosion occurred which completely destroyed the Restaurant, as well as several surrounding businesses.

9. After the explosion, Mr. Gyros made a claim to its property and business income loss insurer at the time, Farmers.

10. In response to Mr. Gyros' claim, Farmers, in violation of Washington law, investigated and adjusted the loss to maximize Farmer's financial interests.

11. For example, Farmers created a composite growth rate for the Restaurant by using two nearly identical time periods (April 2015 – February 2016 and March 2015 – February 2016) with historically low revenue growth. In effect, Farmers double-counted a low revenue growth time period in order to create a lower composite growth rate. It did so because this would reduce the amount of projected growth during the period in which Farmers was obligated to pay Mr. Gyros for business income loss.

12. Not only should Farmers not have double-counted the same time period, the time period Farmers double-counted was obviously anomalous due to historic weather conditions. October 1, 2015 through March 1, 2016 represents the wettest period in *Seattle's history* (Seattle experienced 13 inches more precipitation than average). The Greenwood

COMPLAINT - 2

store—which relied on takeout customers *waiting in a line outside*—was obviously impacted by the unprecedented rainfall. Accordingly, reasonable loss calculation methodology would call for this period to be ignored or discounted. Instead, Farmers double-counted it. Worse, Farmers did so over the Mr. Gyros' accountant's, Harold Shapiro's, written objections (which Farmers did not even attempt to respond to).

13. Farmers pursuit of its own self-interest is even more stark when considering that Farmers tailored the double-counted period to exclude the first quarter of 2015. This was not arbitrary. Revenues in the first quarter of 2015 were *33%* higher than revenues over the same period in 2014. Accordingly, this quarter was ignored.

14. The net result of Farmers' unreasonable adjustment of the Mr. Gyros' claim was Farmers paying the Arsheeds $72,000 to $112,000 less than what they were owed. Put differently, Farmers unreasonably denied payment of approximately 20% of the benefits Farmers owed Mr. Gyros.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION—BREACH OF CONTRACT

15. Paragraphs 1-14 are incorporated herein as though fully set forth.

16. The conduct described in paragraph 1-15 constitutes breach by Farmers of its contract with Mr. Gyros, who has been proximately damaged by an amount to be proven at time of trial.

### SECOND CAUSE OF ACTION—NEGLIGENCE

17. Paragraphs 1-16 are incorporated herein as though fully set forth. Farmers breached non-delegable duties of care in the investigation and handling of Mr. Gyros claim, proximately causing both special and general damages and financial injury to Mr. Gyros, in an amount to be proven at trial.

COMPLAINT - 3

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

### THIRD CAUSE OF ACTION—BREACH OF THE WASHINGTON CONSUMER PROTECTION ACT

18. Paragraphs 1-17 are incorporated herein as though fully set forth.

19. Each of the acts and omissions described herein were committed in the course of trade and commerce.

20. Each of Farmers' acts and omissions pled herein are per se unfair and deceptive acts or practices pursuant to the Washington Consumer Protection Act, and/or had the capacity to deceive.

21. Each of the acts or omissions described herein impacts the public interest.

22. The acts or omissions described herein have caused injury/damage to plaintiff in their business/property.

23. Plaintiff is entitled to recover trebled damages up to the statutory maximum for each violation.

### FOURTH CAUSE OF ACTION—DECLARATORY RELIEF

24. Plaintiff realleges paragraphs 1-23 as though fully set forth herein.

25. There is a clear and present dispute between Mr. Gyros and Farmers concerning their respective rights and obligations under contract and statute. Mr. Gyros is entitled to declaratory judgment adjudicating the respective rights and obligations between the parties, including but not limited to a declaration:

    A. Adjudicating Farmers' breach of contract and the date breach first occurred;

    B. Adjudicating whether Farmers is entitled to any of the benefits of its contract with Mr. Gyros;

COMPLAINT - 4

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1         C.     Adjudicating whether by its conduct (or by the conduct of those for whom it is responsible) Farmers no longer possesses rights of subrogation, salvage, or other terms or conditions of its policies;

        D.     Whether and to what extent Farmers has violated obligations under WAC 284-30-330, 350, 360, 370 and/or 380;

        E.     Whether and to what extent Farmers unreasonably denied Mr. Gyros policy benefits within the meaning of RCW 48.30.015(1);

        F.     Declaring such other and further determinations as the court may find are necessary to declare the rights and obligations of plaintiff and defendant herein.

### V. RESERVATION OF CLAIM PURSUANT TO RCW 48.30.015

Contemporaneously with the service and/or filing of this suit, Mr. Gyros is serving the notice required under RCW 48.30.015(8), and reserves the right to amend this suit to assert claims pursuant to RCW 48.30.015(1) once the notice time period required under subsection 8 has run.

### VI. PRAYER FOR RELIEF

WHEREFORE, having stated its Complaint for monetary damages and declaratory relief, Plaintiff prays for relief as follows:

1. For money damages in an amount to be proven at trial;
2. For declaratory relief as requested herein;
3. For prejudgment interest authorized by statute and law;
4. For treble damages as allowed by statute;
5. For attorneys' fees and other costs, as allowed under applicable law, statute, and/or recognized grounds of equity;

COMPLAINT - 5

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

6. For such other and further relief as the court may deem just and equitable.

DATED this 6th day of August, 2018.

                    ASHBAUGH BEAL

                    *s/ Tristan N. Swanson*
                    Tristan N. Swanson, WSBA #41934
                    *Attorneys for Plaintiff Arsheed Brothers Greenwood, Inc. d/b/a Mr. Gyros*